[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No.05-15403
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 11, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 03-02846-CV-BE-E

OKEY GARRY OKPALA,

                                        Plaintiff-Appellant,

                    versus

MARTHA L. JORDAN,
Warden, Federal Correctional Institution,
Talladega, Alabama,
FEDERAL CORRECTIONAL INSTITUTION,
Talladega, Alabama,

                                        Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
----------------------------------------------------------------

**(August 11, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Okey Garry Okpala, an inmate of a federal prison, appeals pro se the district court's sua sponte dismissal of Plaintiff's complaint alleging constitutional violations of Art. I Section 10, the Fifth Amendment, and the Fourteenth Amendment. We affirm.

Plaintiff is an inmate of the Federal Correctional Institute in Talladega, Alabama ("FCI"). Plaintiff alleges that on 12 April, 2002, he purchased a headset radio from the prison commissary, and later Plaintiff discovered that one of the headphones was not working properly. The headset radio is covered by a ninety day limited warranty, which Plaintiff alleges covered the headset at the time it stopped working properly. Upon discovering the problem with the headset, Plaintiff returned to the commissary, where he was told that he may mail the radio back to the manufacturer under the warranty but that the repaired or replaced radio could not be returned to the institution or to the inmate. The radio would have to be sent by the manufacturer to an alternate address, per prison regulation TDG No. 4530.01J.[1]

_____

[1]As presented by Okpala, this regulation provides in pertinent part,
Radios and watches may be sent out by the inmate, at his own expense, to the manufacturer supplying the warranty. Inmates wishing to return the item to the manufacturer must obtain authorization to do so through their Unit Manager. It is the inmate's responsibility to initiate this process. Inmates are advised that any item mailed out from the institution may not be returned to the inmate nor to the

Plaintiff brought this action against FCI and Martha Jordan, the warden of

FCI, to invalidate the regulation, alleging that it violated Plaintiff's rights under

the Contracts Clause, the Fifth Amendment, and the Fourteenth Amendment. The

district court dismissed the action under 28 U.S.C. § 1915A(b)(1) for failure to

state a claim because the case was moot. Although we disagree with the district

court's mootness analysis, we affirm the district court's dismissal on other

grounds.

We review de novo a dismissal for failure to state a claim under §

1915A(b)(1). Leal v. Georgia Dep't of Corrections, 254 F.3d 1276, 1279 (11th

Cir. 2001). Because the language of § 1915A(b)(1) tracks the language of Federal

Rule of Civil Procedure 12(b)(6), we apply the same Rule 12(b)(6) standards to

dismissals under § 1915A(b)(1) for failure to state a claim. Mitchell v. Farcass,

112 F.3d 1483, 1490 (11th Cir. 1997). We will accept all allegations in Plaintiff's

complaint as true and will construe them in the light most favorable to Plaintiff.

Id.

Generally, if a case becomes moot and -- as a result -- a federal court cannot

provide meaningful relief, the court must dismiss the case. De La Teja v. United

institution. The inmate must provide the product manufacturer an alternate address
for the item to be mailed to.

3

States, 321 F.3d 1357, 1362 (11th Cir. 2003). The warranty for Plaintiff's headset has expired, and the relief requested by Plaintiff cannot bring the warranty back to life. In other words, the expiration of the warranty has mooted the case. But this event is not the end of the inquiry. A federal court "may entertain a moot case if it arises from a situation that is 'capable of repetition, yet evading review.'" Bourgeois v. Peters, 387 F.3d 1303, 1308 (11th Cir. 2004) (citation omitted). We think that the exception applies here. Okpala could buy another headset, which could break within its ninety day warranty period. Yet another action to invalidate the prison regulation could not be fully litigated before that warranty's cessation. Okpala would have the same problem, but it would evade review. Thus, we think the district court should not have dismissed the case on mootness grounds. But we still affirm the district court's judgment on other grounds.

First, the claims against FCI and Warden Jordan under the Contracts Clause and the Fourteenth Amendment must be dismissed because those provisions apply to the States, not the Federal government. See Cox Cable Communications, Inc. v. United States, 992 F.2d 1178, 1182 (11th Cir. 1993) ("[T]he Contracts Clause of Article I section 10 applies only to state governments and does not limit the power of the federal legislature . . . ."); San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, 107 S.Ct. 2971, 2983 n. 21 (1987) ("The claimed association

4

in this case is between the [Defendant] and the Federal Government. Therefore, the Fourteenth Amendment does not apply.").

Plaintiff's claims under the Fifth Amendment are not clearly articulated, but we presume them to be <u>Bivens</u> claims that allege violations of "substantive due process." A <u>Bivens</u> cause of action may not be brought against federal agencies. <u>Fed. Deposit Insurance Corp. v. Meyer</u>, 114 S.Ct. 996, 1006 (1994). Therefore Plaintiff's <u>Bivens</u> claim against FCI must be dismissed.

Now we turn to Plaintiff's only remaining claim, which is a Fifth Amendment <u>Bivens</u> claim against Warden Jordan, alleging that Warden Jordan's enforcement of the prison regulation violated Plaintiff's substantive due process rights. Plaintiff describes his impinged rights as "warranty rights" or "right[s] provided under the Koss Corporation's warranty." Plaintiff's warranty rights are not constitutional rights. And although the prison regulation may burden Plaintiff's warranty rights, the enforcement of the regulation is not a violation of substantive due process.

Plaintiff argues that the prison regulation is unconstitutional under <u>Turner v. Safely</u>, 107 S.Ct. 2254 (1987). We do not think <u>Turner</u> applies in this case. The <u>Turner</u> inquiry is "whether a prison regulation that burdens <u>fundamental rights</u> is 'reasonably related' to legitimate penological objectives, or whether it represents

5

an 'exaggerated response' to those concerns." Id. at 2260-61. The test announced

in Turner is relevant to a "regulation [that] impinges on inmates' constitutional

rights." Id. at 2261.[2] Plaintiff's rights under the headset warranty are neither

fundamental rights nor constitutional rights.[3] Thus, Plaintiff's Fifth Amendment

complaint against Warden Jordan fails to state a claim and must be dismissed.

For the foregoing reasons, the district court's dismissal is

AFFIRMED.

---

[2]The Turner test for determining the reasonableness of a prison regulation that burdens constitutional rights includes these elements: (1) whether a valid, rational connection exists between the prison regulation and a legitimate governmental interest put forward to justify it; (2) whether alternative means of exercising rights remain open to inmates; (3) whether accommodation of asserted rights will have significant "ripple effect" on fellow inmates or prison staff; and (4) whether a ready alternative exists to the regulation that fully accommodates prisoners' rights at de minimis cost to valid penological interest. Turner, 107 S.Ct. at 2262.

[3]Even assuming arguendo that Turner would apply, Plaintiff's complaint still fails to state a claim. Plaintiff's only argument under Turner is that there is no alternative means of exercising his warranty rights. But Plaintiff's complaint highlights the very alternative that the prison regulation provides: a prisoner's replaced or repaired item may be mailed by the manufacturer to an alternate address.